Filed 1/7/25  P. v. Grant CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DIJON D. GRANT,<br><br>  Defendant and Appellant. | 2d Crim. No. B332127<br>(Super. Ct. No. BA488383)<br>(Los Angeles County) |

Dijon D. Grant appeals from the judgment entered after a jury convicted him of first degree murder (Pen. Code, § 187, subd. (a), count 1)[1] and two counts of shooting from a motor vehicle (§ 26100, subd. (c), counts 5 & 6).[2]  The jury also found true the special allegation that appellant personally and intentionally

---

[1] All further statutory references are to the Penal Code.

[2] Appellant was also charged with two counts of attempted murder, but the trial court dismissed those counts after the jury was unable to reach a verdict.

discharged a firearm (§ 12022.53, subd. (c), as to count 1). Appellant was sentenced to a total term of 45 years to life.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. On September 25, 2024, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

On July 4, 2020, at approximately 12:30 a.m., police were dispatched to a residential area in response to a shooting. The area is claimed by the Mad Swan Bloods gang and borders rival "7-Tray" Gangster Crip territory. Upon arrival, officers found Sean Smith laying on the ground, conscious but unresponsive. He had been shot 12 times. Smith was transported to the hospital where he died from his injuries.

On August 8, 2020, at approximately 4:30 a.m., C. Gomez and J. Lopez were walking through a Burger King parking lot. Gomez noticed a car driving slowly behind them and then heard gunfire. As they started to run, Lopez was struck by a bullet in his left leg. He was hospitalized and underwent multiple surgeries.

Investigators obtained surveillance video and other evidence, including cell phone data and social media reports, connecting appellant to the shootings. When detectives conducted a Mirandized interview of appellant, he admitted he "roll[ed] with" the 10-Line Gangster Crips, an ally of the 7-Trays. Appellant explained he participated in the Smith shooting because he thought he would be killed if he did not.

2

When detectives asked about the August 8th shooting, appellant initially claimed he did not know what happened but later admitted he shot at Gomez and Lopez at "most, like, like, three or four times."

We have reviewed the entire record and are satisfied that appellant's attorney fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

Curtis B. Rappe, Judge

Superior Court County of Los Angeles

_____

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.